### (January 30, 1956)

■ MAE BRANDMAN, Appellant, v. BANK OF ROCKVILLE CENTRE TRUST COMPANY et al., Respondents. IRVING TRUST COMPANY, Third-Party Plaintiff-Respondent, v. MAX LESHNICK, Third-Party Defendant-Respondent.— Appeal, as limited by appellant's brief, from so much of an order as dismisses the first and third causes of action contained in the amended complaint as to respondent Bank of Rockville Centre Trust Company. Order modified by adding the words " with leave to plead over said ' First' and ' Third ' causes of action as to said defendant" after the words " Bank of Rockville Centre Trust Company " in the first ordering paragraph. As so modified, order insofar as appealed from unanimously affirmed, with $10 costs and disbursements to respondents. Such further amended pleading shall be served within twenty days after the entry of the order hereon. In our opinion, the first and third causes of action were properly dismissed as to respondent Bank of Rockville Centre Trust Company. Despite the prolixity of what is conceded to be an inartistically drawn complaint, there is a possibility of pleading sufficient and sound causes of action. Under the circumstances, we are granting to appellant a further opportunity to plead. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ FRED CHRISTENSEN, Appellant, v. PITTSTON STEVEDORING CORPORATION, Respondent.— Action to recover damages for personal injuries received by appellant, a stevedore, in the course of his employment by Wm. Spencer & Son Corp., when some pier doors fell and struck him, allegedly because they had been piled by respondent in a negligent manner. The appeal is from a judgment in favor of respondent, entered on the verdict of a jury. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ. [See *post,* p. 892.]

■ MADELINE DE LUCA, Respondent, v. FRITZ ERMER, Appellant. (Action No. 1.) FRITZ ERMER, Appellant, v. MADELINE DE LUCA, Respondent. (Action No. 2.) — In action No. 1, respondent sought to recover money alleged to be due under a written agreement and to foreclose a mortgage on real property given as security for payment thereof. In action No. 2, appellant sought to rescind the agreement and the bond and mortgage executed simultaneously therewith. The actions were consolidated and tried before an Official Referee, who found in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ. [See *post,* p. 838.]